IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD P. TRESSLER, | : | No. 3:25cv1981 |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| WELLPATH LLC, et al., | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Donald Tressler ("Tressler"), an inmate confined, at all relevant times, at the State Correctional Institution, Camp-Hill, Pennsylvania ("SCI-Camp Hill"), initiated this action pursuant to 42 U.S.C. § 1983, against Wellpath LLC, Medical Supervisor Amanda Beck, Medical Doctor Vital, Chief Grievance Officer Keri Moore, and Deputy Superintendent McClelland. (Doc. 1). Along with the complaint, Tressler filed a motion (Doc. 2) for leave to proceed in forma pauperis.

The complaint is presently before the court for preliminary screening. For the following reasons, the court will dismiss Tressler's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and grant him leave to file an amended complaint.

I. **The Complaint**

In January of 2024, Tressler was transferred to SCI-Camp Hill. (Doc. 1, at 5). Tressler alleges that, from January 2024 through the present, he received

inadequate medical care at SCI-Camp Hill. (Id. at 4-5). He further alleges that certain documents are missing from his medical records. (Id. at 4).

The complaint does not contain a single factual allegation against the defendants and does not allege that they were involved in these alleged events. (See Doc. 1).

Tressler seeks compensatory damages in the amount of $400,000,000 and punitive damages in the amount of $800,000,000. (Id. at 4).

## II. **Legal Standard**

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. See 28 U.S.C. § 1915(e)(2)[1]; 28 U.S.C. § 1915A[2]. The court is required to identify cognizable

---

[1] 28 U.S.C. § 1915(e)(2) provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
   (A) the allegation of poverty is untrue; or
   (B) the action or appeal—
      (i) is frivolous or malicious;
      (ii) fails to state a claim on which relief may be granted; or
      (iii) seeks monetary relief against a defendant who is immune from such relief.

[2] 28 U.S.C. § 1915A provides:

(a) Screening.—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012) (nonprecedential) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)).

### III. Discussion

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Individual liability can be imposed under § 1983 only if the state actor played an "affirmative part" in the alleged misconduct and "cannot be predicated solely on the operation of respondeat superior." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005)

---

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

3

(quoting Rode, 845 F.2d at 1207). Such allegations, however, must be made with appropriate particularity in that a complaint must allege the particulars of conduct, time, place, and person responsible. Evancho, 423 F.3d at 354; Rode, 845 F.2d at 1207-08. Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. Rode, 845 F.2d at 1208. A claim of a constitutional deprivation cannot be premised merely on the fact that the named defendant was the prison warden, or a prison supervisor, when the incidents set forth in the complaint occurred. Id. at 1207.

Tressler's claims against the defendants are not plausible. Tressler never alleges each defendant's personal role in the alleged harm. See Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'") (quoting Rode, 845 F.2d at 1207)). Tressler only broadly alleges that he received inadequate medical care at SCI-Camp Hill. (Doc. 1, at 4-5). Under the most liberal construction, Tressler's complaint fails to state a claim for relief against the defendants. The complaint names Wellpath, Medical Supervisor Beck, Medical Doctor Vital, Chief Grievance Officer Moore, and Deputy Superintendent McClelland as defendants in this action but fails to allege any personal involvement and fails to set forth any factual averments that identify

4

how they were involved in the alleged wrongdoing.  (See generally Doc. 1).  Based upon the above legal standards, it is clear that any claims against the defendants are subject to dismissal based on Tressler's failure to set forth any factual allegations against them.  Without such factual allegations, it is impossible to conclude that the defendants deprived Tressler of his constitutional rights.  See Hudson v. City of McKeesport, 244 F. App'x 519, 522 (3d Cir. 2007) (affirming dismissal of defendant because complaint did not provide any basis for a claim against him).

To the extent that Tressler seeks to hold Medical Supervisor Beck, Medical Doctor Vital, Chief Grievance Officer Moore, and Deputy Superintendent McClelland liable based on their supervisory roles, these claims also fail.  It is well-established that officials may not be held liable for unconstitutional conduct of their subordinates under a theory of respondeat superior.  See Rode, 845 F.2d at 1207.  Accordingly, insofar as Tressler's claims against the defendants rely on a respondeat superior theory of liability, these claims are subject to dismissal.

IV.   *Leave to* Amend

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008).  Leave to amend may be denied

based on undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. Foman v. Davis, 371 U.S. 178, 182 (1962).

The court finds that the pleading deficiencies of Tressler's complaint are largely factual in nature and thus conceivably could be cured by an amended pleading. Therefore, Tressler will be granted the option of filing an amended complaint to attempt to cure the defects discussed above.[3]

## V. Conclusion

Consistent with the foregoing, the court will grant Tressler leave to proceed in forma pauperis and will dismiss his complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The court will allow Tressler leave to file an amended complaint in the event he can state a plausible claim against an appropriate defendant or defendants. A separate order shall issue.

Date: November 5, 2025

JUDGE JULIA K. MUNLEY
United States District Court

---

[3] If Tressler chooses to file an amended complaint, it must be a complete document that does not rely on the initial complaint, or other papers filed in this case.