IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD P. TRESSLER, | : | No. 3:25cv1981 |
| | : | |
| Plaintiff | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| WELLPATH LLC, et al., | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Donald Tressler ("Tressler"), an inmate confined at the State Correctional Institution, Camp-Hill, Pennsylvania ("SCI-Camp Hill"), initiated this action pursuant to 42 U.S.C. § 1983. (Doc. 1). Upon conducting the initial statutorily mandated screening of the complaint, the court entered a memorandum and order dismissing Tressler's complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) but granted him leave to file an amended complaint. (Docs. 7, 8). In response, Tressler filed an amended complaint against Medical Supervisor Amanda Beck, Chief Grievance Officer Keri Moore, Deputy Superintendent McClelland, (collectively, the "corrections defendants"), Wellpath LLC, and Dr. Vital. (Doc. 17).

Presently before the court is the corrections defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. 28).  For the reasons that follow, the court will grant the motion.  Tressler has now exhausted his second opportunity to refine his pleadings to establish claims against the corrections defendants.  Therefore, he will not be granted further leave to amend.

The court will also dismiss the action against Dr. Vital pursuant to Federal Rule of Civil Procedure 4(m).

## I.    **Factual Background**

Tressler's entire statement of claim is as follows:

Individually and together herein defendants are violating our Eighth Amendment in failure to provide medical treatment, pain management and continuing the same as prescribed by Cindy Lou, M.D. at the Carlisle Cancer Center…She indicated treatment, SCI-Camp Hill Officials ceased all medication and treatment indicating, "You do not have stage 4 colon cancer, Dr. Lou is wrong." Negligence and neglect will highly impact my quality of life and longevity of life.  Defendants are letting me be killed by cancer to save money.

(Doc. 17, at 1-2).

Tressler seeks equitable relief in the form of "treatment for stage 4 colon cancer" and "'compassionate release' to seek appropriate treatment, care and quality of care."  (Id. at 2).

## II.    Legal Standards

### A.    Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).  Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the…claim is and the grounds upon which it rests." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry.  See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir.

3

2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

B.    42 U.S.C. Section 1983

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. See 42 U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

4

42 U.S.C. § 1983.

"Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." See Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002)).  To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States.  See Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 189 (3d Cir. 2005) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)).

## III.   **Discussion**

### A.   Lack of Personal Involvement

In order to plausibly state a claim under Section 1983, a plaintiff must allege that each defendant was personally involved in the act or acts that he claims violated his federally protected rights.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  "A plaintiff makes sufficient allegations of a defendant's personal involvement by describing the defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct."  Chavarriaga v. New Jersey Dep't of Corr., 806 F.3d 210, 222 (3d Cir. 2015) (citing Rode, 845 F.2d at 1207); Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020) (stating that

"[p]ersonal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence'" (quoting Rode, 845 F.2d at 1207)).  Thus, in pursuing any Section 1983 claim against prison officials, a plaintiff may not rely solely on respondeat superior, see id. (citation omitted), which is a theory of liability that "arises 'solely on the basis of the existence of an employer-employee relationship,' regardless of whether the employer had any part in causing harm[,]" see Santiago, 629 F.3d at 128 (quoting Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 692 (1978)).

Allegations of personal involvement must be made with appropriate particularity in that the complaint must allege the particulars of conduct, time, place, and personal responsibility.  Evancho, 423 F.3d at 354; Rode, 845 F.2d at 1207-08.  Subsequent knowledge of an incident is insufficient to demonstrate that a state actor played an "affirmative part" in the alleged misconduct.  Rode, 845 F.2d at 1207-08 (the after-the-fact submission of a grievance is "simply insufficient" to establish a defendant's knowledge of an underlying constitutional violation at the time it occurred).  It is the plaintiff's burden to "show that each and every defendant was 'personal[ly] involve[d]' in depriving him of his rights."  Kirk v. Roan, 2006 WL 2645154, at *3 (M.D. Pa. Sept. 14, 2006) (quoting Evancho, 423 F.3d at 353).

Other than listing Medical Supervisor Amanda Beck, Chief Grievance Officer Keri Moore, and Deputy Superintendent McClelland as defendants, the amended complaint does not contain a single allegation against them. (Doc. 17). Because the amended complaint is completely silent as to defendants Beck, Moore, and McClelland, it is impossible to determine the alleged unconstitutional action, if any, taken by these defendants. Tressler does not provide any basis as to how defendants Beck, Moore, and McClelland were deliberately indifferent to his serious medical needs. This style of pleading is patently inadequate since it fails to allege facts that give rise to a plausible claim for relief. Hudson v. City of McKeesport, 244 F. App'x 519 (3d Cir. 2007) (affirming dismissal of defendant who was only named in caption of case).

In addition, a claim of a constitutional deprivation cannot be premised merely on the fact that the named defendant was the prison warden, or a prison supervisor, when the incidents set forth in the complaint occurred. See Rode, 845 F.2d at 1207. Further, any attempt by Tressler hold defendants Beck, Moore, and McClelland liable for the actions of their subordinates is essentially an assertion of respondeat superior liability which seeks to hold them liable based on their supervisory roles. This ground of constitutional liability has been squarely rejected by the courts. See Rode, 845 F.2d at 1207.

Nor can Tressler impose liability on the corrections defendants based upon their purported roles in reviewing and responding to grievances.  It has long been recognized that a state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond, to a prisoner's grievance, is insufficient to establish personal involvement in the underlying unconstitutional conduct.  See Rode, 845 F.2d at 1207-1208 (concluding that after-the-fact review of a grievance is insufficient to demonstrate the actual knowledge necessary to establish personal involvement); Simonton v. Tennis, 437 F. App'x 60, 62 (3d Cir. 2011) ("[A] prison official's secondary review of an inmate's grievance or appeal is not sufficient to demonstrate the personal involvement required to establish the deprivation of a constitutional right").

The court finds that Tressler's amended complaint is bereft of any allegations identifying how defendants Beck, Moore, and McClelland were personally involved in the alleged constitutional deprivations.  Accordingly, the corrections defendants' motion to dismiss will be granted on this ground.  The court finds that there are also separate and independent flaws in Tressler's Eighth Amendment claim.  These deficiencies are discussed below.

B.    Eighth Amendment Claim

In order to establish an Eighth Amendment medical claim, a plaintiff "must show (i) a serious medical need, and (ii) acts or omissions by prison officials that

8

indicate deliberate indifference to that need." <u>Natale v. Camden Cnty.</u> <u>Correctional Facility</u>, 318 F.3d 575, 582 (3d Cir. 2003) (citing <u>Rouse v. Plantier</u>, 182 F.3d 192, 197 (3d Cir. 1999)).  A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would recognize the necessity for a doctor's attention." <u>Monmouth</u> <u>Cnty. Corr. Institutional Inmates v. Lanzaro</u>, 834 F.2d 326, 347 (3d Cir. 1987).  In addition, "if unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the eighth amendment." <u>Id.</u> (citation omitted).

A prison official acts with deliberate indifference to an inmate's serious medical needs when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).

Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. See <u>Spruill v. Gillis</u>, 372 F.3d 218, 235 (3d Cir. 2004).  Courts have uniformly held, when considering a difference of opinion as to treatment, that this type of conduct constitutes, at best, negligence but not the deliberate indifference

9

required by Section 1983. See id. ("[m]ere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation) (citations omitted); Farmer v. Carlson, 685 F. Supp. 1335, 1339 (M.D. Pa. 1988) (a mere difference of opinion between the prison's medical staff and the inmate regarding the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment); Tillery v. Noel, 2018 WL 3521212, at *5 (M.D. Pa. June 28, 2018) (collecting cases) ("an inmate's dissatisfaction with a course of medical treatment, standing alone, does not give rise to a viable Eighth Amendment claim").

Similarly, "the mere misdiagnosis of a condition or medical need, or negligent treatment provided for a condition, is not actionable as an Eighth Amendment claim because medical malpractice standing alone is not a constitutional violation." Tillery, 2018 WL 3521212, at *5 (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Rather, "prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1991) (citations omitted). Moreover, "[i]f a prisoner is under the care of medical experts…a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." Spruill, 372 F.3d at 236.

10

First, Tressler alleges that he received a medical diagnosis from treating physicians at SCI-Camp Hill. (Doc. 17, at 1-2). Tressler essentially disagrees with the diagnosis. (See id.). Tressler has failed to allege that the corrections defendants had a culpable state of mind. His disagreement with treatment methods or diagnoses is insufficient to state a constitutional violation. See Spruill, 372 F.3d at 235 ("[m]ere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation) (citations omitted); see also Winslow v. Prison Health Servs., 406 F. App'x 671, 675-76 (3d Cir. 2011) (inmate "does not have a constitutional right to unlimited medical care of his choosing, free from all considerations of cost."). Moreover, courts will not second guess whether a particular course of treatment is adequate or proper. Parham v. Johnson, 126 F.3d 454, 458 n.7 (3d Cir. 1997) (quoting Inmates of Allegheny Cnty. Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (deference is given to prison medical authorities in the diagnosis and treatment of patients, and courts "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment...(which) remains a question of sound professional judgment.")); Estelle, 429 U.S. at 105-06 (medical professionals may exercise discretion in treatment and allegations of negligent treatment or medical malpractice do not trigger constitutional protections).

Second, in order to sustain his Eighth Amendment claims against the non-medical corrections defendants—Moore and McClelland—Tressler must allege that they had "reason to believe or (actual knowledge)" that the medical staff were "mistreating (or not treating)" him. Spruill, 372 F.3d at 236. Defendant Moore is the Chief Grievance Officer and defendant McClelland is the Deputy Superintendent. Defendants Moore and McClelland are not medical providers. Tressler has not set forth any allegations that defendants Moore and McClelland provided him with medical care, refused to provide medical care, or prevented him from receiving medical care; nor has he established that defendants Moore and McClelland were aware of or acquiesced in the purported Eighth Amendment violations. Because these defendants are not medical personnel, they cannot be considered deliberately indifferent "simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." Durmer, 991 F.2d at 69.

The court will grant the corrections defendants' motion to dismiss the Eighth Amendment inadequate medical care claim.

## IV.    Federal Rule of Civil Procedure 4(m)

Rule 4(m) sets forth the following time frame a plaintiff has to serve a defendant with the summons and copy of the complaint:

> If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must

12

dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). Dr. Vital was named in the original complaint that was filed on or about September 15, 2025 and, to date, has not been properly identified or served in this case. The court must engage in a two-step process in determining whether to dismiss the unidentified, non-served defendant or grant Tressler additional time to effect service. "First, the district court should determine whether good cause exists for an extension of time. If good cause is present, the district court must extend time for service and the inquiry is ended. If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995). Good cause requires good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance with the time specified in the rules. MCI Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995). In determining whether good cause exists, a court's "primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." Id. Although prejudice is a factor to be considered, the absence of prejudice to the opposing party alone does not constitute good cause to excuse late service. Id.

13

In the present matter, Tressler failed to establish good cause. After the expiration of the 90-day time period set forth in Rule 4(m), the court notified Tressler that the action against Dr. Vital was subject to dismissal and directed him to show cause why the action against this defendant should not be dismissed pursuant to Rule 4(m). (Doc. 43). Tressler failed to provide any response. Moreover, Tressler's pro se status is not good cause to excuse his failure to timely identify or serve this defendant. Veal v. United States, 84 F. App'x 253, 256 (3d Cir. 2004). Based upon the lack of any explanation for his failure to adhere to the requirements of Rule 4, the court finds that Tressler failed to establish good cause.

If a plaintiff cannot show good cause for his failure to serve the defendant within 90 days, a district court may either dismiss the defendant or exercise its discretion to order that service be made within a specific time. Petrucelli, 46 F.3d at 1305; see also FED. R. CIV. P. 4(m). It is Tressler's responsibility to properly identify all defendants, and provide accurate mailing addresses for the defendants, in a timely fashion. (See Doc. 19 ¶ 3) (advising Tressler that failure to properly name a defendant, or provide an accurate mailing address for a defendant, may result in dismissal of the claims against that defendant pursuant to Federal Rule of Civil Procedure 4(m)).

14

In light of Tressler's' failure to properly identify or serve Dr. Vital, despite this court's warning of the possible consequences, including dismissal, the court concludes that dismissal is appropriate under the present circumstances. Accordingly, this defendant will be dismissed from this action.

## V.    Leave to Amend

Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a court dismisses a claim that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962). The court may decline to permit amendment, however, where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." Id.

Here, the court previously granted Tressler leave to file an amended complaint in an attempt to cure his pleading deficiencies. (Docs. 7, 8). In screening out Tressler's original complaint, the court explicitly advised him that "any claims against the defendants are subject to dismissal based on Tressler's

failure to set forth any factual allegations against them." (Doc. 7, at 5). Tressler was granted leave to amend to properly identify each defendant's personal role in the alleged violation of his rights. (Docs. 7, 8). Tressler has wholly failed to comply with these instructions. The court thus concludes that granting Tressler leave to file a second amended complaint would be inequitable. See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by pro se litigant would be futile when litigant "already had two chances to tell his story").

## VI.    Conclusion

Consistent with the foregoing, the court will grant the corrections defendants' motion to dismiss. (Doc. 28). The court will also dismiss the action against Dr. Vital pursuant to Rule 4(m).

A separate order follows.

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

Dated:    June ____, 2026

16