IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DONALD P. TRESSLER,                          :        No. 3:25cv1981

                                             :

                      Plaintiff              :        (Judge Munley)

                                             :

          v.                                 :

                                             :

WELLPATH LLC, et al.,                        :

                                             :

                      Defendants             :

**MEMORANDUM**

Plaintiff Donald Tressler ("Tressler"), an inmate confined at the State Correctional Institution, Camp-Hill, Pennsylvania ("SCI-Camp Hill"), initiated this action pursuant to 42 U.S.C. § 1983.  (Doc. 1).  In performing the court's mandated function of sua sponte reviewing complaints under 28 U.S.C. §§ 1915(e) and 1915A, the court entered a memorandum and order dismissing Tressler's complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and granted him leave to file an amended complaint.  (Docs. 7, 8).  Tressler then filed an amended complaint against Medical Supervisor Amanda Beck, Chief Grievance Officer Keri Moore, Deputy Superintendent McClelland, Dr. Vital, and Wellpath, LLC.  (Doc. 17).

Before the court is Wellpath's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. 31).  For the reasons that follow, the court will grant the motion.

## I.    Factual Background

In the amended complaint, Tressler sets forth a one-paragraph statement of his claim.  He alleges as follows:

> Individually and together herein defendants are violating our Eighth Amendment in failure to provide medical treatment, pain management and continuing the same as prescribed by Cindy Lou, M.D. at the Carlisle Cancer Center…She indicated treatment, SCI-Camp Hill Officials ceased all medication and treatment indicating, "You do not have stage 4 colon cancer, Dr. Lou is wrong." Negligence and neglect will highly impact my quality of life and longevity of life.  Defendants are letting me be killed by cancer to save money.

(Doc. 17, at 1-2).

Tressler seeks equitable relief in the form of "treatment for stage 4 colon cancer" and "'compassionate release' to seek appropriate treatment, care and quality of care."  (Id. at 2).

## II.    Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all

reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the…claim is and the grounds upon which it rests." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the

court must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

## III.    Discussion

### A.    Negligence and Malpractice Claims

Wellpath first moves to dismiss Tressler's negligence and medical malpractice claims for failure to state claim for relief. (Doc. 32, at 7).

To state a claim of negligence under Pennsylvania law, a plaintiff must allege: "(1) a duty or obligation recognized by law, requiring the actor to conform to a certain standard of conduct; (2) a failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the interests of another." Vasquez v. Wingard, 847 F. App'x 108, 111 (3d Cir. 2021) (quoting Kleinknecht v. Gettysburg Coll., 989 F.2d 1360, 1366 (3d Cir. 1993). To state a claim for medical malpractice under Pennsylvania law, a plaintiff must allege: (1) the medical professional owed a duty to the patient; (2) the medical professional breached the duty; (3) the breach was the proximate cause of the harm suffered; and (4) the damages

4

suffered were a direct result of the harm.  Brown v. Hahnemann Univ. Hosp., 20 F. Supp. 3d 538, 542 (E.D. Pa. 2014) (citing Hightower-Warren v. Silk, 548 Pa. 459, 698 A.2d 52, 54 (1997)).

In the amended complaint, Tressler only once states that "negligence…will highly impact [his] quality of life." (Doc. 17, at 2).  He does not state which of the defendants he seeks to assert negligence or medical malpractice claims against, and he does not allege any facts to support the necessary elements for plausible negligence or medical malpractice claims.  These claims are wholly undeveloped and will be dismissed.

B.    Claims Asserted Against Wellpath Under 42 U.S.C. § 1983

Wellpath, LLC, a private corporation under contract to provide prison health services, may be held liable under Section 1983 only in specific instances.  First, a plaintiff can prove a Section 1983 violation when an entity's policies or customs caused an alleged constitutional violation.  Monell v. N.Y.C. Dept. of Soc. Servs., 436 U.S. 658, 694 (1978); Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 583-84 (3d Cir. 2003).  For such a claim to be plausible, the plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was."  McTernan v. City of York, 564 F.3d 636, 658 (3d Cir. 2009).

Otherwise, a plaintiff may state a plausible basis for liability against an entity like Wellpath by "alleging failure-to-supervise, train, or discipline…[and

5

alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." Forrest v. Parry, 930 F.3d 93, 106 (3d Cir. 2019). In the context of a contract medical provider, the provider's "failure to train or supervise must amount to a policy or custom in disregard of an obvious risk that its employees or agents would commit constitutional violations." Ponzini v. PrimeCare Med., Inc., 269 F. Supp. 3d 444, 526 (M.D. Pa. 2017), aff'd in part, vacated in part on other grounds sub nom. Ponzini v. Monroe Cnty., 789 F. App'x 313 (3d Cir. 2019). "Only in the narrowest of circumstances can a failure to train or supervise 'said to be so obvious, that failure to do so could properly be characterized as deliberate indifference to constitutional rights even without a pattern of constitutional violations.'" Ponzini, 269 F. Supp. 3d at 526 (quoting Thomas v. Cumberland Cnty., 749 F.3d 217, 223 (3d Cir. 2014) (internal citation and quotation marks omitted)).

Tressler does not identify a deficient policy or custom that led to the purported failure to provide medical care. (See Doc. 17). Nor does he tie the alleged violation of his constitutional rights to Wellpath's failure to train, supervise, or discipline its staff. (See id.). Accordingly, the amended complaint does not state a claim against Wellpath, and the court will dismiss Section 1983 claims against Wellpath.

6

C.    Eighth Amendment Claim Asserted Against Individual Wellpath Medical Providers

In the amended complaint, Tressler has not named any defendants in their individual capacity who worked for defendant Wellpath, LLC.  Even assuming that Tressler did name any such medical providers, he fails to plausibly plead a Section 1983 claim against them under the Eighth Amendment.

In order to establish an Eighth Amendment medical claim, a plaintiff "must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Natale, 318 F.3d at 582 (citing Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999)).  A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would recognize the necessity for a doctor's attention." Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).  In addition, "if unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the eighth amendment." Id. (citation omitted).

A prison official acts with deliberate indifference to an inmate's serious medical needs when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference

could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004). Courts have uniformly held, when considering a difference of opinion as to treatment, that this type of conduct constitutes, at best, negligence but not the deliberate indifference required by Section 1983. See Spruill, 372 F.3d at 235 ("[m]ere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation) (citations omitted); Tillery v. Noel, 2018 WL 3521212, at *5 (M.D. Pa. June 28, 2018) (collecting cases) ("an inmate's dissatisfaction with a course of medical treatment, standing alone, does not give rise to a viable Eighth Amendment claim").

Similarly, "the mere misdiagnosis of a condition or medical need, or negligent treatment provided for a condition, is not actionable as an Eighth Amendment claim because medical malpractice standing alone is not a constitutional violation." Tillery, 2018 WL 3521212, at *5 (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Rather, "prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1991) (citations omitted).

Tressler alleges that he received a medical diagnosis from treating physicians at SCI-Camp Hill, and he disagrees with that diagnosis. (Doc. 17, at 1-2). Tressler essentially sets forth a disagreement about the course of medical care and treatment he received, which is insufficient to establish deliberate indifference to his known medical needs. The fact that Tressler does not agree with the diagnosis or course of treatment does not establish a constitutional violation. Spruill, 372 F.3d at 235. Moreover, courts will not second guess whether a particular course of treatment is adequate or proper. Parham v. Johnson, 126 F.3d 454, 458 n.7 (3d Cir. 1997) (quoting Inmates of Allegheny Cnty. Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (deference is given to prison medical authorities in the diagnosis and treatment of patients, and courts "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment…(which) remains a question of sound professional judgment.")); Estelle, 429 U.S. at 105-06 (medical professionals may exercise discretion in treatment and allegations of negligent treatment or medical malpractice do not trigger constitutional protections).

Tressler failed to set forth an Eighth Amendment claim against any purported Wellpath medical providers.

## IV.    <u>Leave to Amend</u>

Before dismissing a complaint for failure to state a claim upon which relief may be granted, a court should generally grant the plaintiff leave to amend his complaint.  See <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 108, 114 (3d Cir. 2002).  The court may decline to permit amendment, however, where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment."  <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).

Wellpath's pending motion to dismiss addresses Tressler's amended complaint which was filed to resolve pleading deficiencies identified in the court's screening memorandum and order.  (Docs. 7, 8).  The amended complaint provides no additional factual detail to support Tressler's claims against Wellpath.  Therefore, granting further leave to amend would be inequitable.  See <u>Jones v. Unknown D.O.C. Bus Driver & Transp. Crew</u>, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by <u>pro se</u> litigant would be futile when litigant "already had two chances to tell his story").

## V.    Conclusion

For the foregoing reasons, the court will grant the motion to dismiss by

Wellpath.  (Doc. 31).  An appropriate order shall issue.

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

Dated:    June_____, 2026